# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 25, 2019

159179

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

CARL WILSON,
        Defendant-Appellant.

SC: 159179
COA: 347245
Saginaw CC: 98-015038-FC

_____/

On order of the Court, the application for leave to appeal the February 21, 2019 order of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the order of the Court of Appeals, we VACATE the August 7, 2018 order of the Saginaw Circuit Court, and we REMAND this case to the circuit court. The defendant's 2004 motion to correct his presentence report expressly disclaimed any request for resentencing and was improperly re-characterized as a motion for relief from judgment. His subsequent filings were not filed as motions for relief from judgment either, and were properly returned to him for that reason. The motion for relief from judgment in this case is the defendant's first such motion, so he is not subject to the successive-motion bar of MCR 6.502(G). On remand, pursuant to MCR 6.502(D), the court shall either return the motion to the defendant or adjudicate it as his first motion for relief from judgment.

We do not retain jurisdiction.

MARKMAN, J. (*dissenting*).

I respectfully dissent because defendant is simply not entitled, either legally or equitably, to have his 2018 motion for relief from judgment adjudicated as an initial motion, as the majority asserts. In 2005, the trial court denied a motion from defendant to correct his presentence investigation report and treated the motion as an initial motion for relief from judgment despite the motion itself stating that the court should not review it as such. Nevertheless, defendant did not appeal the 2005 order and he waited until 2016 to file his next substantive motion, this time fashioned as a motion for dismissal. The trial court returned that motion for a failure to file in accordance with MCR 6.500 *et seq.* and informed defendant that he could file a proper motion for relief from judgment Yet, instead of filing such a motion, defendant again filed an improper motion, one to correct his sentence, which the trial court also denied. In 2018, defendant finally filed his

motion for relief from judgment and the trial court correctly reviewed it as a successive motion under MCR 6.502(G).

Because defendant failed to appeal the 2005 order and sat on his hands for 13 years before filing a proper motion for relief from judgment, I see no error at all in the decision to treat the latter as a successive motion. Defendant demonstrated as early as 2005 that he was cognizant of the rules underlying subchapter 6.500 by having explicitly instructed the trial court not to review his motion at that time to correct the presentence report as a motion for relief from judgment. A court's errors should be addressed when they manifest rather than many years afterwards, especially where there were no barriers to a timely appeal. And remedial or corrective actions by this Court should best be taken to avoid the inadvertent forfeiture or waiver of rights, not to encourage a defendant to file an improper motion as a "consequence-free" effort to secure judicial relief. Because defendant never challenged the 2005 order and sat on his rights for a generation, he is entitled to neither legal nor equitable relief. In particular, he is not entitled to a remand from this Court to have his motion reviewed as an initial motion for relief from judgment. By doing so, the Court diminishes its own rules.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 25, 2019



Clerk

t1022